# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

## HENDERSON v. HALL.

### Opinion delivered June 29, 1908.

1. PHYSICIAN AND SURGEON—COMPENSATION FOR SERVICES.—Where plaintiffs sought to recover for medical services under an express contract to pay a certain sum, and defendants admit having employed plaintiffs, but deny having agreed to pay any particular sum therefor, it was not error to instruct the jury that if defendants agreed to pay the sum named they should find for plaintiffs accordingly, but if there was no contract for any certain amount the jury should find for plaintiffs a reasonable compensation for the services rendered. (Page 4.)

2. SAME—COMPENSATION—EVIDENCE.—Where a firm of lawyers employed two doctors to examine and report upon the condition of a client who had been injured through the negligence of a railroad company, and the doctors sued the lawyers for the value of their services in this regard, it was error to permit plaintiffs to prove that they secured for defendants a compromise of their claim against the railroad company. (Page 4.)

3. SAME.—Where physicians were called to render professional services in the physical examination of one who claimed to have been injured by the negligence of a railroad company, and whose claim was subsequently compromised without going to trial, such physicians are entitled to recover the value of their services, without enhancement because at the time they were rendered it was supposed that they might have to attend court as witnesses. (Page 4.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; reversed.

*Henderson & Campbell, pro se.*

No person shall serve as a petit juror who is related to either party to a suit within the fourth degree of consanguinity or affinity. Kirby's Digest, § 4491. Where two men marry sisters, they become related to each other in the second degree of affinity. 11 L. R. A. 639. Where the wife of a juror and the

87—1

wife of the propounder of a bill had the same great grandfather, the juror was incompetent to sit. 72 Ga. 80. The husband of the aunt is related to the husband of the niece within the fourth degree of affinity. 12 Ark. 657. Where there are no children living, relation by affinity is dissolved by the death of either party to the marriage creating the affinity. 11 L. R. A. 639; 7 Cow. 478; 10 Ind. 191. But it is otherwise if there are children living. 10 Ind. 191. The opinion of a witness who has not qualified himself is inadmissible. 62 Ark. 1. The question put to an expert should be hypothetical. 55 Ark. 128. Where the allegation is that an offense against the law was committed on a passenger train going south, and the proof showed that it was committed on a freight train going north, there is such a material variance that the complaint cannot be amended to conform to the proof. 59 Ark. 165. In an action on tort evidence of breach of contract is inadmissible. 77 Ark. 551.

*Geo. T. Black* and *Hugh M. Bishop,* for appellees.

Where evidence tends to support two different theories, a charge to the jury ignoring one of them is erroneous. Hughes Inst. to Juries, sec. 102. But where a fact is shown by undisputed evidence, an instruction which assumes such fact to have been established is not error. *Id.* sec. 195; 69 Ark. 637. Hughes's wife having died before Story married, the relationship of affinity never existed between Hughes and Story. 12 Ark. 660; 11 L. R. A. 630. But if Story were disqualified to sit as a juror, it is too late to except after verdict. 35 Ark. 113; 20 *Id.* 51; 23 *Id.* 55; 37 *Id.* 587; 40 *Id.* 515. When the only question is as to the weight of the evidence, this court will not disturb the verdict. 37 Ark. 586; 67 *Id.* 62; *Id.* 401; 73 *Id.* 383; 76 *Id.* 327; 75 *Id.* 262.

HILL, C. J. Hall & Hughes, two physicians, sued Henderson & Campbell, a firm of lawyers, alleging that said firm engaged the professional services of the plaintiffs to visit, examine and report upon the physical condition of one Mrs. Caroline Wyse, a client of theirs, who was alleged to have been injured through the negligence of a railroad company, and that the plaintiffs performed such services and for the same the defendants agreed that they would pay to them the sum of two hundred

dollars. The answer admitted the employment for the purposes stated, but denied that they had agreed to pay the sum of $200 or any other certain sum, but alleged that they had agreed to pay the sum that the services would reasonably be worth. They alleged that the services were worth $34, but they tendered $40 before suit, and continued the tender in their answer.

The plaintiffs testified to facts which, if believed, would have sustained their allegation that the defendants had promised to pay them $200 for their services. Dr. Hughes testified to the services rendered, and that thereafter he went to Jonesboro on private business, and while there saw Dr. Lutterloh (the physician for the railroad company), who stated to him that he thought the railroad company would pay $1,000 to the injured woman and $100 each to Dr. Hall and himself; that on his return he told Mr. Henderson that the case could be settled on these terms, and that Henderson approved it; and he was further permitted to testify as follows: "I consider the services we rendered the defendants were worth $200 to them because we made the case for them and got the compromise for them."

The defendants offered testimony which, if believed, would prove that there was no contract for a fixed sum, and that they were liable for reasonable services only. The plaintiffs in rebuttal offered testimony from several doctors that the charge of $200 was reasonable in view of the fact that the services rendered were not ordinary services, and the further fact that the doctors might be made to appear in court as witnesses. The defendants in rebuttal of this introduced testimony tending to prove that the amount tendered by them was full compensation for the services rendered.

The court gave two instructions to the jury: The first was that if they found by a preponderance of the testimony that defendants agreed to pay plaintiffs the sum of $200 for the services rendered, they should render verdict against the defendants for that sum; the second was to the effect that if there was no contract for any certain amount entered into between the parties, then it was their duty to find for the plaintiffs in such sum as they found would be a fair and reasonable compensation for the services rendered by the plaintiffs to the defendants under the contract that was entered into between them; and in arriving at their con-

clusion as to the amount that was due them that they should weigh and consider all the facts and circumstances in the case.

The jury returned a verdict for $130, and therefore it must be taken that the jury found against the plaintiffs as to a contract to pay $200. It is objected that the plaintiffs should not have recovered on a *quantum meruit* when they sued on a contract, and that it was error to give the second instruction and admit testimony of the value of the services. The answer admitted the employment and contract for services, and alleged that the amount was not agreed upon but should be the usual fees for such services. This made it permissible for either party to introduce evidence as to the value of the services, and the second instruction was proper in submitting to the jury the case as presented in the answer. This was the view which prevailed with the jury, although they fixed the compensation higher than defendants' witnesses put it, and less than the plaintiffs' put it.

But the court erred in admitting testimony. In the first place, the testimony that the doctors brought about the compromise, and that their services were worth $200 to the defendants because they made their case for them and got a compromise for them, was without the issues and highly prejudicial. The suit is solely for recovery of the value of medical services, and not for services as negotiators of a compromise; and when the court admitted this testimony the jury had a right to assume that they should find for the value of their services in this regard as well as their medical services.

The court also erred in admitting testimony of several doctors to the effect that the plaintiffs' services were worth $200 because they were not ordinary services, and the further fact that the plaintiffs might have had to attend court as witnesses. One of their witnesses was asked on cross-examination if the case had been dismissed before the time for fixing a fee what his charge would be, and he replied that then the charge should be as for ordinary services; and this amount he fixed at less than the amount tendered. As the case of the client was settled before this controversy arose, it was pure speculation as to what the physicians might have been called upon to have done had not the case been settled. They were called to render professional services in a physical examination of a lady, and were entitled to

pay for the value of those services, and not for any speculative incidents that might or might not have followed from this service.

Other matters are presented; but as the judgment is reversed for the above errors, it is not necessary to consider them, as they will not occur in a second trial.

Reversed and remanded.