No reversible error appearing from the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## GRIGGS CANNING CO. et al. v. JOSEY et al.

### No. 10657.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 31, 1940.

Rehearing Denied Oct. 21, 1942.

Johnson & Rogers and William N. Hensley, all of San Antonio, for appellants.

Guy Cater, of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, Norman Josey, brought this suit against F. E. Griggs, D. F. Stoy and R. E. Brubeck, appellants, who were the partners comprising the firm of Griggs Canning Company and residents of Medina County, Texas. Jesus V. Ocon, a retail merchant of Bexar County, Texas, was also named as a party defendant. The appellee alleged that he had purchased a can of spinach containing foreign matter from the retail merchant Ocon, which had been packed by appellants. Among other grounds of liability, Josey pleaded that both the packers and the re-

tailer impliedly warranted that the spinach involved was fit for human consumption.

Appellants asserted their privilege of being sued in the county of their residence. The plea was controverted by affidavit, which adopted the allegations of the petition and set up exception No. 4 of Art. 1995, Vernon's Annotated Civil Statutes, which in part provides that: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

The issue made by the plea and controverting affidavit was tried by the court, and order entered overruling the plea of privilege, hence this appeal.

The controlling question involved is whether or not an action will lie against a retailer based upon breach of an implied warranty of fitness of canned goods for human consumption in a case where the label of the product involved plainly shows the name of the manufacturer.

The disposition of this case is controlled by two recent decisions of the Texas Supreme Court, namely, Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, and Walker v. Great Atlantic and Pacific Tea Company, 131 Tex. 57, 112 S. W.2d 170.

In the case of Stockyards National Bank v. Maples [127 Tex. 633, 95 S.W.2d 1304] it was held, under exception 4 of Article 1995, that a "plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant."

■ An action based upon implied warranty brought against a retailer would be so intimately connected with an action based upon implied warranty brought against a manufacturer or processor, that suit could be maintained against both the processor and retailer in the county where the retailer resided, provided, of course,

the plaintiff had a cause of action against the retailer.

This brings us to a consideration of the controlling question in this case, hereinabove set out.

In the case of Walker v. Great Atlantic and Pacific Tea Company, supra, it was held that a retailer was liable for the sale of unwholesome canned products upon the theory of breach of implied warranty. In that case the name of the processor was not disclosed by the label, which bore only the name of the retailer or distributor. In this case the retailer's name did not appear upon the label, which read as follows: "Griggs Canning Company, Natalia, Texas. Pure Food Products. Natex Spinach. Grown and packed in the Winter Garden District."

■ The appellants present a persuasive argument that the difference between the labels involved in the A. & P. litigation and this case calls for a ruling that Ocon, the retailer here involved, cannot be held upon the theory of breach of implied warranty. However, as we understand the A. & P. decision, it was the intention of the Supreme Court to adopt the rule of liability recommended by Williston, which is that a retail "dealer is liable for selling such [defective] food even though in cans of reputable brand." [131 Tex. 57, 112 S.W. 171.] That part of the text of Williston on Contracts quoted with approval in the opinion, to our minds, precludes the theory advanced by appellants. Judge Martin, in the A. & P. case, also quotes with approval part of the opinion of the Kansas City Court of Appeals in Degouveia v. H. D. Lee Mercantile Co., 231 Mo.App. 447, 100 S.W.2d 336, 339. Although it appeared in the Missouri case that the name of the manufacturer was not disclosed, the part of the opinion quoted with approval by our Supreme Court does not place the decision upon that basis, but rather upon the reasoning that the retailer is more favorably situated to protect himself than is the purchaser, as "the retail dealer is in a better position to know and ascertain the reliability and responsibility of the manufacturer of the article, which he is handling, than the purchaser from him."

■ We, therefore, conclude that under the holding of the A. & P. case, appellee "has a cause of action" against Ocon, a resident of Bexar County, for breach of implied warranty, although the labels on

the canned goods involved plainly showed the name of the manufacturer.

The judgment of the trial court is therefore affirmed.

**On Motion for Rehearing.**

Pending action upon appellants' motion for rehearing, we certified the controlling question in this case to the Supreme Court. The answer of the Supreme Court has now been received by us, and, in conformity therewith, appellants' motion for rehearing is overruled. See Griggs Canning Company v. Josey, Tex.Sup., 164 S.W.2d 835.