### SANFORD v. BURRUS FEED MILLS.

No. 11391.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 30, 1943.

Rehearing Denied April 5, 1944.

Worsham, Burrow & Worsham and George W. Eddy, all of Dallas, for appellant.

Tom D. Matthews, of Dallas, for appellee.

MURRAY, Justice.

This is a plea of privilege case.

On February 26, 1942, defendant A. V. Williams, a resident of Yoakum, De Witt County, Texas, executed and delivered to plaintiff, Burrus Feed Mills, a corporation, his promissory note in the principal sum of $2,897.25, which note was secured by chattel mortgage on 9,000 chickens situated in De Witt County. On May 4, 1942, defendant J. Curtis Sanford bought from defendant A. V. Williams the 9,000 chickens. They were to weigh about 2½ pounds each and the price was 23¼ cents per pound. Sanford assumed the payment of the feed company note, as shown by the following letter, to-wit:

"May 13, 1942

"Burrus Feed Mills
"Dallas, Texas
"Gentlemen:

"This letter is your authority to charge to my account the amount of $2,897.25, which represents the amount now owed by A. V. Williams, Yoakum, Texas, and which amount is secured by a mortgage dated February 26, 1942, and covers 9,000 chickens of various and mixed breeds, located three miles east of the City of Yoakum on State Highway 111, and which mortgage was signed by A. V. Williams, Willie J.

Williams, and S. W. Lester, and which was due 75 days after February 26, 1942.

"It is understood and agreed that this account is to be paid in full in Dallas, Dallas County, Texas, on receipt of the chickens from A. V. Williams, Yoakum, Texas.

"Yours very truly,
"J. Curtis Sanford"

The defendant Sanford received about 10,000 pounds of these chickens and then refused to receive any more.

The Burrus Feed Mills instituted this suit against A. V. Williams as maker of the note and J. Curtis Sanford upon his assumption agreement. Sanford filed a plea of privilege to be sued in Dallas County, the county of his residence. The trial court overruled the plea of privilege and Sanford has appealed.

The record shows that A. V. Williams resides in DeWitt County and is indebted to Burrus Feed Mills in the sum of $2,181.-82, the balance due on the note. The Burrus Feed Mills alleged that Sanford had assumed the payment of the note and was jointly and severally liable with Williams and also attached the assumption letter to its petition as Exhibit A. In its controverting affidavit appellee, Burrus Feed Mills, referred to its petition and made it a part of the affidavit. Appellee relies upon Subdivision 4 of Art. 1995, Vernon's Ann.Civ.Stats., to retain venue of this suit in DeWitt County.

Appellant contends that it was incumbent on appellee to both plead and prove a joint cause of action against him and Williams before it could expect to retain venue in DeWitt County. We overrule this contention. We regard the law as now settled that where venue is based upon Subdivision 4 of said Article 1995 the plaintiff must allege a joint cause of action against the resident defendant and the non-resident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of lawsuits and prove a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Hurley v. Reynolds, Tex. Civ.App., 157 S.W.2d 1018; Griggs Canning Co. v. Josey, Tex.Civ.App., 165 S.W. 2d 201. There is no question here but that

**430**

plaintiff has proved a cause of action against Williams, the resident defendant, the only question is, Has plaintiff alleged a joint cause of action against the non-resident defendant, Sanford? Unquestionably it has done so, unless the assumption letter contradicts the allegations of the petition to such extent as to destroy the effect of the same. In the first part of the letter Sanford assumes the indebtedness and authorizes appellee to charge same to his account, then he provides that such indebtedness shall be paid in full when the chickens are received in Dallas. It does not say when all the chickens are received in Dallas, nor does it say when only a part are received. Appellant, according to the allegations, has received 10,000 pounds of these chickens in Dallas, for which he has contracted to pay 23¼ cents per pound. He is therefore indebted to Williams in a sum greater than the amount he has assumed. The letter is nothing more than a memorandum of the understanding between appellant and appellee and will require parol evidence to clear up its indefiniteness. When the letter and the pleadings are construed together it becomes apparent that appellee has alleged a joint cause of action against Williams, the resident defendant, and Sanford, the non-resident defendant, or at least a cause of action so intimately connected with the cause of action alleged against the non-resident defendant that it may properly be joined with that alleged against the resident defendant under the rule intended to avoid a multiplicity of lawsuits.

The judgment is affirmed.