## ROSS CONST. CO. v. CITIZENS NAT. BANK AT BROWNWOOD.

### No. 2506.

Court of Civil Appeals of Texas. Eastland.

March 23, 1945.

Rehearing Denied April 20, 1945.

Buck & Kemble, of Fort ·Worth, for appellant.

Wilkinson, Johnson, Griffin & Bohannon, of Brownwood, for appellee.

LONG, Justice.

Citizens National Bank at Brownwood, hereinafter called Bank, instituted this suit against C. L. Campbell of Brown County, Texas, doing business under the trade-name of Campbell Electric Company, hereinafter called Campbell, Brooks Ross and Reuben Ross of Eastland County, Texas, and William B. Warner of Tom Green County, Texas, doing business under the trade-name of Ross Construction Company. Brooks Ross and Reuben Ross, hereinafter referred to as Ross Construction, filed a plea of privilege to be sued in the county of their residence. The Bank duly controverted said plea and attached to its controverting affidavit its first amended original petition and made the same a part thereof, and sought to hold venue in Brown County under Sec. 4 of Art. 1995, Revised Civil Statutes. The court, upon the hearing, overruled the plea of privilege, to which the defendant, Ross Construction, excepted and gave notice of appeal to this court.

Section 4 under Art. 1995, R.C.S., provides as follows: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." In order for the Bank to hold venue against Ross Construction in Brown County under this subdivision of the venue statute, it would be necessary for it to allege and prove a bona fide cause of action against Campbell, the resident defendant, and to allege a joint cause of action against both Campbell and Ross Construction or a cause of action against the resident defendant Campbell so intimately connected with the cause of action alleged against the non-resident defendant, Ross Construction, that the two may be joined under the rule intended to avoid a multiplicity of suits. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The Bank alleged that the defendant Campbell executed and delivered to it from time to time certain promissory notes and that finally on April 8, 1944, the unpaid balances of all of said notes and advances were merged into one note in the sum of $9,000 payable to the Bank in Brownwood, Brown County, Texas, and that contemporaneously with the execution and delivery of said note and as additional security therefor that Campbell executed a chattel mortgage covering certain personal property. That there was a balance past due and unpaid on said note at the time of the institution of this suit in the sum of $6,950, together with interest and attorney's fees. The proof offered on the hearing of the plea of privilege amply supported the above allegations, and the Bank without any question pled and proved a bona fide cause of action against the resident defendant Campbell.

The next question arises, did the Bank allege a cause of action against the non-resident defendant Ross Construction, and if so, was the cause of action alleged a joint cause of action against all of the defendants or a cause of action so intimately connected with the cause of action alleged and proved against the resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits? In determining these questions, it is necessary that we carefully examine the entire petition filed by the Bank in this cause. The Bank alleged in substance that on the 6th day of September, 1943, defendant Ross Construction Company entered into two written contracts with the defendant Campbell as sub-contractor, whereby Campbell agreed that he would furnish all tools, equipment, labor, material, supplies and perform all electrical work upon certain naval construction at Durant, Oklahoma, and Conroe, Texas, for the sum of $22,354.68; that Campbell did not have funds with which to pay for material and labor under said contracts, which fact was well known to the other defendant, Ross Construction; that Campbell, with the knowledge and consent of the other defendants, applied to the Bank for a loan with which to purchase said material and labor under the contracts. The Bank agreed to and did advance the money for said purpose to Campbell as evidenced by the note sued on herein, on condition he would assign to the Bank the entire amount to be paid under both of said contracts, totaling $22,354.68, and provided that Ross Construction would give the Bank an instrument in writing recognizing said assignment and would agree in writing to pay the same to plaintiff at Brownwood, Texas. That Campbell did assign the full consideration under said contract to the Bank and delivered to it both of said contracts. That Ross Construction Company, in recognition of said assignment, wrote and delivered to the Bank the following letter:

"Citizens National Bank,
"Brownwood, Texas.
"Gentlemen:
"This is to notify you of our recently executed contracts with the Campbell Electric Company, Brownwood, Texas, for electrical wiring of buildings in connection with our contract for Naval Air Facility at Durant, Oklahoma, and contract for Naval Air Facility at Conroe, Texas. The total amount of the two contracts is $22,354.68.

"Mr. Campbell has requested that we give you this letter with instructions that all payments to him under these contracts are to be made payable jointly to Citizens National Bank, Brownwood, and the Campbell Electric Company.
"Very truly yours,
"Ross Construction Company
"By /s/ William B. Warner
"Partner."

That Ross Construction Company, in compliance with the aforesaid agreement, paid to defendant Campbell and the bank from time to time large sums of money to be applied on Campbell's debt to the Bank. That Ross Construction Company still owes the Bank under said assignment the sum of $5,854.68. The Bank further alleges that the objects and purposes of said assignments and of said letter were well known and understood by all parties and that same were a complete assignment to the Bank of all the money to become due and owing under the contracts as a guaranty to the extent of said funds to the Bank of all money loaned the defendant Campbell to enable him to perform said two contracts. That defendant Campbell completed said contracts of work on or about April 1, 1944, at which time there was due him approximately $10,500 under said contracts. That thereafter, without the knowledge, information or consent of the Bank, Campbell and Ross Construction Company by common consent, agreement, connivance, and in fraud of plaintiff's rights, and in disregard of their assignments and agreements, paid said sum to some other person, firm, or corporation, and refused to pay plaintiff said sum or part thereof.

We do not hold that a joint cause of action is alleged against Campbell and the other defendants, but we are of the opinion that a cause of action is alleged against all of the defendants and that the cause of action alleged and proved against the resident defendant Campbell is so intimately connected with the cause of action alleged against the non-resident defendant, Ross Construction, that the two may be joined under the rule intended to prevent a multiplicity of suits. Sanford v. Burrus Feed Mills, Tex.Civ.App., 179 S.W.2d 428. We are, therefore, of the opinion that the trial court did not err in overruling the plea of privilege.

The judgment is affirmed.