**ROSS CONST. CO. et al. v. CITIZENS NAT. BANK AT BROWNWOOD.**

**No. 2571.**

Court of Civil Appeals of Texas. Eastland.

March 7, 1947.

Rehearing Denied April 11, 1947.

Geo. C. Kemble, of Fort Worth, and Mark Callaway, of Brownwood, for appellant.

Wilkinson, Johnson & Griffin, of Brownwood, for appellee.

LONG, Justice.

On September 2, 1943, Ross Construction Company, a partnership composed of Brooks Ross, Reuben Ross, and William B. Warner (herein referred to as Ross), entered into two contracts with the United States Government for the construction of certain buildings for the United States Navy at Conroe, Texas, and Durant, Oklahoma. Thereafter on September 6, 1943, Ross awarded two subcontracts to C. L. Campbell of Brownwood, Texas, doing business as Campbell Electric Company (herein referred to as Campbell). Under the subcontracts Campbell was to furnish the materials and labor for the electrical work going into these naval installations for a total consideration of $22,354.68, plus payments for extras. The extras furnished by Campbell brought the total consideration to approximately $26,819.50. It was necessary for Campbell to borrow money for the purpose of financing the work under the subcontracts. He applied to the Citizens National Bank of Brownwood, Texas (herein referred to as the bank), for a loan. Before the bank would make him the loan desired, Campbell was

required to procure the following letter from Ross to the bank:

"Durant, Oklahoma
September 14, 1943

Citizens National Bank
Brownwood, Texas

Gentlemen:

This is to notify you of our recently executed contracts with the Campbell Electric Company, Brownwood, Texas, for electrical wiring of buildings in connection with our contract for Naval Air Facility at Durant, Oklahoma, and contract for Naval Air Facility at Conroe, Texas. The total amount of the two contracts is $22,354.68.

Mr. Campbell has requested that we give you this letter with instructions that all payments to him under these contracts are to be made payable jointly to Citizens National Bank, Brownwood, and the Campbell Electric Company.

Very Truly Yours,
Ross Construction Company,
By /s/ William B. Warner
Partner"

The above letter was written by Ross and received by the bank prior to the time the loan was made and before any work was performed by Campbell under the contract. The bank, relying upon such letter, loaned Campbell money from time to time for labor and material that went into the construction of the electrical work under the subcontracts.

Ross made progress payments under the contracts and made the checks therefor payable to the bank and Campbell jointly. The total amount so paid was $16,500. Graybar Electric Company (herein referred to as Graybar) furnished certain material to Campbell that went into the construction of the naval facilities in the approximate sum of $13,000. Campbell was unable to pay Graybar. He lost money on the contracts. Graybar made demand upon Ross for the payment of this account. Ross had on hand approximately $10,300 that was due under the subcontracts at the time such demand was made. A settlement was made between Ross, Campbell, and Graybar of the account due Graybar for the sum of $10,000, which said amount was paid by Ross to Graybar out of the money on hand. This was done without the knowledge or consent of the bank. Before the payment was made to Graybar, the bank wrote Ross a letter in which it stated that it expected Ross to observe the terms of the letter of September 14th, and that if he failed and refused to do so, the bank would hold him liable. There was remaining in the hands of Ross, after paying the Graybar account, the sum of $4.46, for which amount a check was issued payable to Campbell and the bank jointly, which the bank refused to accept. The bank instituted this suit against Campbell on his note payable to the bank and joined Ross therein as defendants. A trial was had before the court with the aid of a jury, and at the conclusion of the evidence and after counsel for the bank stated that the bank had no issues of fact to be submitted to the jury, and counsel for Ross advised the court that Ross had no defensive issues of fact to be submitted, and after it was agreed by counsel for Ross that the bank relied upon the letter of September 14th in making the loan to Campbell, the court discharged the jury and rendered judgment for the bank against all the defendants. From this judgment Ross alone has appealed.

Counsel for both sides in this case agree that the letter of September 14th is unambiguous. If the judgment for the bank against Ross is to be sustained, it must be under the terms of the letter of September 14th. It is the contention of the bank that Ross agreed to pay the bank the total consideration for the two contracts, regardless of whether Campbell fully completed such contracts. We cannot agree with this contention. The letter should be construed in connection with the original contracts between Ross and the government for the construction of the air facilities at Conroe, Texas, and Durant, Oklahoma, together with the subcontracts between Ross and Campbell, and with the law as it existed governing such contracts.

Title 40, U.S.C.A. §§ 270a and 270b, fixes the liability for those under contract with the United States Government for the construction of public works. These articles make the general contractor and his bondsmen liable for labor and material

furnished to a subcontractor. Campbell, under the terms of the subcontract, agreed to furnish all tools, equipment, labor, material, supplies and everything necessary to perform in an efficient manner all electrical work under the contracts in accordance with the plans and specifications furnished by the government to Ross. Under the law, if Campbell failed to pay for the material furnished under the contract, then Ross would be liable therefor. If Campbell failed to pay for the material that went into these contracts, then in that event Ross could not collect from the government the amounts due for such construction. The bank had in its files copies of the two subcontracts between Campbell and Ross at the time the loan was made to Campbell. It was charged with notice of the contents thereof and with the law applicable thereto. Derby v. United States Fidelity & Guaranty Co., 87 Or. 34, 169 P. 500. Construing the letter of September 14th in connection with the contracts between Campbell and Ross and the laws governing such contracts, we are of the opinion that the court erred in rendering a judgment against Ross in favor of the bank.

██ The letter is plain and unambiguous. The first paragraph thereof notifies the bank of the contracts between Ross and Campbell and that the total consideration is $22,354.68. The second paragraph is as follows: "Mr. Campbell has requested that we give you this letter with instructions that all payments to him under these contracts are to be made payable jointly to Citizens National Bank, Brownwood, and the Campbell Electric Company."

We construe this paragraph to mean that all payments due Campbell under the contracts were to be made payable jointly to the bank and Campbell. If Campbell did not earn any money under the contracts, then no check would be issued to Campbell and the bank. Before any money was due Campbell, the construction must have been completed according to the terms of the contract. In order for Campbell to complete the construction, he must have not only supplied the labor and material, but in addition thereto he must have fully paid

for such labor and material. Seaboard Surety Co. v. Standard Accident Ins. Co., 277 N.Y. 429, 14 N.E.2d 778, 117 A.L.R. 658.

█ It is undisputed that Campbell had not paid Graybar for material that went into the construction. That being true, Ross had the right to withhold any payments to Campbell until the account due Graybar had been paid. It is undisputed that Campbell could not pay Graybar the account and that Graybar had made demand upon Ross for the payment of same. Ross was authorized to pay the Graybar account, and after the payment of such account, there was only a small amount of money due Campbell under the contracts. This amount was tendered to the bank, which the bank refused. Ross complied with the terms of the letter. The amount tendered to the bank was all of the money due Campbell under the contracts. As we construe the letter and the contracts, the bank took no greater right in the funds in the hands of Ross than Campbell had thereto. O'Neil Engineering Co. v. First National Bank of Paris, Tex.Com.App., 222 S.W. 1091; Maryland Casualty Co. v. Dulaney Lumber Co., 5 Cir., 23 F.2d 378.

█ The bank alleged in its pleadings "that under all of the facts, circumstances and conditions alleged herein, defendants Ross Construction Company are now estopped to deny their liability to plaintiff bank for such damages". From the record it is apparent that the bank was as well informed in respect to the facts as was Ross. Prior to the time the bank made the loan to Campbell, there was no conversation between any officer of the bank and any member of the partnership of Ross Construction Company. The only communication between them was the letter of September 14th. Ross made no false representations and did nothing that caused the bank to make the loan, other than writing such letter. The bank had notice of the terms and conditions of the contracts between Ross and Campbell and of the law with reference thereto. We think it is clear that the facts do not raise the issue of estoppel. 17 Tex.Jur. 143.

This case was before us on appeal from an order overruling the plea of privilege of Ross to be sued in Eastland County. The opinion in that case is found in Tex.Civ.App., 186 S.W.2d 1021. The bank sought to hold venue in Brown County under Sec. 4 of Article 1995, Revised Civil Statutes. We held that the bank alleged and proved a cause of action against Campbell, and alleged a cause of action against Ross, and that the venue was properly laid in Brown County under said exception. We did not pass upon the sufficiency of the evidence in that case to show a cause of action against Ross. It was not necessary in the plea of privilege case for the bank to prove a cause of action against the nonresident defendant, Ross. It was only required in that case, in order to maintain venue in Brown County under said exception, for the bank to allege and prove a cause of action against the resident defendant Campbell and to allege (not prove) a cause of action against the nonresident defendant Ross so intimately connected with the cause of action against the resident defendant. Campbell, that the two might be joined under the rule intended to avoid a multiplicity of suits. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

It will be seen from an examination of our opinion on that appeal that the facts as alleged were sufficient to show such a cause of action against Ross. The bank alleged the facts and circumstances surrounding the transaction and alleged that Ross agreed to pay all money due under the contracts to Campbell and the bank jointly. There was a further allegation that Ross, in fraud of the rights of the bank, paid the money to some third person. It will be readily seen that if Ross had paid the money to some third person, not connected in any way with furnishing labor or material for the construction of the buildings in question, then in that event, Ross would be liable to the bank under the letter of September 14th. However, the proof shows that the money in excess of the $16,500 was paid to Graybar, and that Graybar had furnished material for the construction of the buildings, and that Campbell was unable to and did not pay for

such material. Under those circumstances the bank could not recover against Ross. Consequently, our holding in this appeal conflicts in no way with our holding in the former appeal.

There is no theory under the facts upon which a judgment for the bank against Ross can be sustained. The case has been fully developed. There were no issues of fact for the determination of the jury. The court was correct in discharging the jury and rendering a judgment. We are of the opinion, however, that the court erred in rendering judgment against Ross. Therefore, it becomes our duty to render what we deem to be the proper judgment in this case. The judgment of the trial court against Campbell is in all things affirmed. The judgment in favor of the bank against Ross is reversed, and judgment is here rendered that the bank take nothing as against the defendant, Ross.

Affirmed in part, reversed and rendered in part.