**CADDO GROCERY & ICE et al.,**
Appellants,

v.

**Thomas F. CARPENTER et al.,**
Appellees.

No. 10341.

Court of Civil Appeals of Texas.
Austin.

Dec. 14, 1955.

Rehearing Denied Jan. 11, 1956.

Smith & Lear, San Angelo, for appellants.

W. S. Leslie, San Angelo, for appellees.

GRAY, Justice.

This appeal is from an order overruling appellant's plea of privilege.

Appellees Thomas F. Carpenter and Clarence F. Carpenter, father and son, sued Caddo Grocery and Ice (later referred to as Caddo), Alton C. Tomerlin, Frank O'Neal and W. F. Lindley. They alleged that all defendants except W. F. Lindley resided in Tom Green County and that he resided in Taylor County; that Caddo was the trade name of a retail business conducted in San Angelo and that it was owned by Alton C. Tomerlin and Frank O'Neal and that W. F. Lindley was engaged in the business of manufacturing sandwiches and selling them for human consumption.

Appellees alleged that on June 19, 1954, they purchased two sandwiches from Caddo which had been manufactured by W. F. Lindley; that they ate the sandwiches and that soon thereafter they each became violently ill. They sued for damages on the ground that the manufacturer and the retailer of such sandwiches impliedly warranted that the sandwiches were fit for human consumption. They also alleged their damages were proximately caused by negligence.

W. F. Lindley filed his plea of privilege which was overruled at a nonjury trial and he alone has appealed.

Thomas F. Carpenter testified that he and his son purchased two sandwiches from Caddo at about 10 o'clock a. m. June 19, 1954; that they were rolled in an oil paper with a label which read:

| "25¢ | | |
|---|---|---|
| Lindley's | | |
| Picnic | | |
| | Ham Salad | |
| Sandwich | | |
| | Phone 4–7757 | |
| | Abilene, Texas" | |

He further said that at the time the sandwiches were purchased they were placed in a paper sack and delivered; that they were then placed in their ice box with ice; that he and his son ate the sandwiches at about 12 o'clock; that soon thereafter they each became violently ill; that they were taken to a hospital and were treated there.

Frank O'Neal testified that he knew W. F. Lindley; that he made Lindley's sandwiches, delivered them to Caddo where they were sold to the public generally, and that on June 19, 1954, said sandwiches were being so delivered and sold.

In Griggs Canning Co. v. Josey, 165 S.W.2d 201, 202; the San Antonio Court of Civil Appeals considered a plea of privilege filed by the canning company asserting its right to be sued in Medina County, the county of its residence. The suit was against the canning company and the dealer, a resident of Bexar County, where the suit was filed. The Court said:

"An action based upon implied warranty brought against a retailer would be so intimately connected with an action based upon implied warranty brought against a manufacturer or processor, that suit could be maintained against both the processor and retailer in the county where the retailer resided, provided, of course, the plaintiff had a cause of action against the retailer."

The Court held there was a cause of action against the dealer for breach of implied warranty and overruled the plea of privilege.

In Griggs Canning Co. v. Josey, 139 Tex. 623, 164 S.W.2d 835, 142 A.L.R. 1424, it was held that a retailer who sells unwholesome food for human consumption is liable to the consumer for the consequences under an implied warranty, and in Decker & Sons, Inc., v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479, it was held that a manufacturer of sausage was liable to the consumer for injuries caused by contaminated and poisonous substances in the sausage at the time it was manufactured.

■■ The above authorities require our holding that the petition alleges a cause of action on an implied warranty against the manufacturer and the retailer of the sandwiches in question and that the proof is sufficient to sustain venue in the county of the residence of the retailer.

Our holding here is not in conflict with the holding in Bowman Biscuit Co. of Texas v. Hines, 151 Tex. 370, 251 S.W. 2d 153, for the reason that there the Court considered the liability of the wholesaler, or middleman, for injuries sustained by the consumer of unwholesome food. There the certified question answered in the negative was:

" 'Where the ultimate consumer of food, sold in the original sealed package for human consumption, suffers injury and damages from such food being contaminated, is the wholesaler, or middleman, as well as the manufacturer and retailer, liable to such ultimate consumer for damages proximately resulting to him by reason of the eating of such food, under an implied warranty imposed by law as a matter of public policy?' "

Appellees filed a request for admissions by W. F. Lindley under Rule 169, Texas Rules of Civil Procedure. These requests were numbered from 1 to 14 both inclusive.

W. F. Lindley declined to admit or deny various requests on the ground that the same involved questions of law. On appellees' motion the trial court adjudged certain numbered requests to be admitted and as to others denied the motion.

Appellant has not briefed his point complaining of the trial court's action as to specifically numbered requests. However he does say:

"The Plaintiffs did not designate who the agents, servants, or employees were of the Defendant, W. F. Lindley. Under Rule 169, he was required to admit or deny only such matters as pertained to him. Rule 169 says '* * * by such party * * * *'"

We assume that this statement is directed to that portion of the requests wherein it is stated:

"In requests hereinafter set out any request concerning 'you' includes you, your servants, agents and employees; any act you are requested to admit or deny includes any act done by you, your servants, agents and employees."

The following requests are a fair example of those adjudged to be admitted:

"3. On or about June 19, 1954, you were engaged in the business of the manufacturing of or making and selling sandwiches.

"4. You were selling your sandwiches under the name of 'Lindley's.'

"5. You were selling your sandwiches under the name of 'Lindley's Picnic Sandwich.'

"6. Your phone number is, or on said date was, 4–7757.

"7. You delivered sandwiches prepared under the name of 'Lindley's' or 'Lindley's Picnic Sandwich' to various grocery stores and other retail outlets in Tom Green County, Texas.

"8. You sold 'Lindley's' sandwiches to Caddo Grocery and Ice at 622 Caddo Street in San Angelo, Texas, for resale.

"(1). You delivered the sandwiches so made and prepared by you to Caddo Grocery and Ice at said address for resale.

"9. You delivered sandwiches so made and prepared by you to Caddo Grocery and Ice at 622 Caddo Street in San Angelo, Texas, for the purpose of sale to the public.

"(1). You so delivered said sandwiches to be sold for human consumption as food."

Appellant admitted request 6 but as to the other requests supra he replied in substantially the same words as are contained in his answer to request 3, the answer being

"3. This Defendant says that the Request for Admission was made under Rule 169 and that under such Rule he is not required to answer the request that involves questions of law and that said interrogatory No. 3 involves a question of law and that for this reason this Defendant neither admits nor denies said interrogatory."

Of course for some purposes there are distinctions between the terms "agent," "servant" and "employee" but in view of the facts here we think that those terms as used in the requests are used interchangeably to denote persons acting for appellant and with his authority in manufacturing Lindley's sandwiches and delivering the same to Caddo for the purpose of sale for human consumption.

Rule 169 supra in part provides:

"Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten days after delivery thereof or within such further time as the court may allow on motion and notice, the party

to whom the request is directed delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

■ The rule authorizes the making of demands for the admission of facts but not for admission of matters of law. Hester v. Weaver, Tex.Civ.App., 252 S.W.2d 214. Er. ref. We do not think the requests in question here were demands for admissions of matters of law. Certainly appellant knew whether he himself or someone acting for him and with his authority manufactured sandwiches under the names inquired about, whether he authorized their sale to Caddo or whether he so sold them himself, and also whether they were so sold for human consumption. These were simply matters of fact about which appellant either had knowledge or was in position to acquire knowledge sufficient to enable him to either deny or admit the requests.

■ The purpose of the rule is to avoid the necessity of procuring facts about which there is no controversy or which are within the knowledge of a party litigant and appellant was required to either admit or deny the requests. For these reasons the trial court did not err in adjudging the requests to be admitted. Montgomery v. Gibbens, Tex.Civ.App., 245 S.W.2d 311.

T. F. Carpenter testified that Dr. M. L. Wood treated both appellees after they ate the sandwiches. This doctor was not subpoenaed, he did not testify and the record does not show he was present during the trial. During the course of the examination of T. F. Carpenter appellant's attorney asked him if he would give his written authority for appellant's attorney to talk to Dr. Wood and secure his opinion as to the treatment he administered. The witness answered yes and the attorney then asked if the statement was prepared would the witness sign it. At this point

objections were made to the effect that such inquiries should be addressed to counsel rather than to the witness and the objections were sustained. Substantially the same proceedings were had relative to an examination of the hospital records which records were not before the court.

■ Appellant did not subpoena Dr. Wood as a witness and the record does not show that he attempted to talk to the doctor or that he withheld any information from him. Under these circumstances if appellant desired the testimony of the doctor he could have secured it by the means provided by law. The doctrine of privileged communications does not extend to physician and patient. McCormick & Ray, Texas Law of Evidence, Sec. 223, p. 321.

■ No effort appears to have been made by appellant to examine the hospital records and he was not required to secure appellees' permission to do so. The hospital would likely permit an examination of its records under the provisions of Art. 5506a, Sec. 4a, Vernon's Ann.Civ.St. We think appellant's rights are not shown to have been violated. The mere fact, if it is a fact, that appellant preferred to introduce the testimony of Dr. Wood and to examine the hospital records under an agreement with appellees presents a matter of trial tactics and not a matter of law. The ruling of the trial court directing appellant's counsel to talk to the attorney rather than to appellees relative to the agreement did not deprive appellant of any substantial rights.

Appellant's points 2, 3, 4, and 6 relate to the probative effect of evidence, or the lack of evidence, upon the trial of the case on its merits and do not present venue questions. Also the trial court's order overruling the plea of privilege makes no mention of the doctrine of res ipsa loquitur nor does appellees' pleadings and certainly we cannot say that the suit was brought under that doctrine. For these reasons appellant's point 1 does not present matters requiring our attention.

The judgment of the trial court is affirmed.